UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. DYKES-BEY,

    Plaintiff,

v.

GRAND PRAIRIE HEALTH CARE
SERVICES, WELLPATH HEALTHCARE,
and VICTORIA JANOWIECKI,

    Defendants.

Case No. 2:23-cv-11403
District Judge Linda V. Parker
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF No. 16)

I.    Introduction

This is a prisoner civil rights case. Plaintiff Robert L. Dykes-Bey (Dykes-Bey) sues defendants, Grand Prairie Health Care Services (GPHCS), Wellpath Healthcare (Wellpath), and Victoria Janowiecki, N.P., (Janowiecki), for denial of health care, including a colonoscopy, allergy treatment, medical accommodations to use the restroom more, and constipation treatment. (ECF No. 1, PageID.4).

Before the Court is Dykes-Bey's motion for a "preliminary injunction/temporary restraining order" against defendants. (ECF No. 16). Defendants have responded, (ECF No. 20), and the time for a reply has passed.

1

For the reasons that follow, the undersigned recommends that Dykes-Bey's motion be DENIED.

## II. Dykes-Bey's Motion

In his motion, Dykes-Bey says that he has a "long documented history of stomach issues" that has been diagnosed by his Michigan Department of Corrections (MDOC) medical provider as " 'Gastrointestinal.' " (ECF No. 16, PageID.48-49). He has requested a colonoscopy on numerous occasions but has always been denied "without a legitimate medical explanation, or investigation, such as a GI Specialist." (*Id.*). He is concerned about the possibility of polyps in his colon, but his medical provider will not approve a colonoscopy unless there is blood in his stool or some other severe condition that could indicate colon cancer. (*Id.*). He requests a preliminary injunction or temporary restraining order to approve a colonoscopy or an investigation by a gastrointestinal specialist that might show that a colonoscopy is unnecessary. (*Id.*).

Dykes-Bey also complains of chronic allergies, that one of his allergens is wool, and that MDOC has caused him to be exposed to his cellmate's wool blanked. (*Id.*, PageID.49-50). This causes Dykes-Bey to be unable to use his CPAP machine regularly, which he needs due to sleep apnea. (*Id.*). For this harm, he requests cotton blankets and a single cell. (*Id.*).

2

Dykes-Bey has also requested additional trips to the restroom or to be provided a "urine jug" due to his frequent urination. (*Id.*, PageID.50). This is due to a swollen prostate, for which he is prescribed medication, but which still causes his frequent urination. (*Id.*). He requests that the Court order defendants to provide him with a special accommodation for unlimited access to the restroom or, alternatively, for a urine jug, which would also necessitate a single cell. (*Id.*, PageID.51).

### III. Legal Standard

Courts in the Sixth Circuit apply the same standard to a motion for a temporary restraining order (TRO) and a motion for a preliminary injunction. *Summit Cnty. Democratic Cent. & Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004). Under that standard, the factors are: (1) whether the movants have a strong likelihood of success on the merits, (2) whether the movants would suffer irreparable injury absent a TRO or preliminary injunction, (3) whether granting the TRO or preliminary injunction would cause substantial harm to others, and (4) whether the public interest would be served by granting the TRO or preliminary injunction. *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

### IV. Analysis

Defendants argue that Dykes-Bey has not shown a likelihood of success on the merits, has not shown an irreparable injury, and that the public interest is not served by granting Dykes-Bey's motion. (ECF No. 20). No one single factor is controlling; however, "a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed." *Mich. State v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). "'[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion' because a preliminary injunction is an extraordinary remedy." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (quoting *Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000)). "The party seeking the preliminary injunction bears the burden of justifying such relief, including showing irreparable harm and likelihood of success." *Id.* (citing *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423, 441 (1974)).

Dykes-Bey has not met the burden of showing a likelihood of success on the merits. As to the conditions for which he has been treated but believes the treatment was inadequate, Dykes-Bey must submit "verifying medical evidence to establish 'the detrimental effect of the delay in medical treatment.' " *Anthony v. Swanson*, 701 F. App'x 460, 463 (6th Cir. 2017) (quoting *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)). Dykes-Bey has not submitted any evidence for the Court's consideration in whether to grant his motion. This fails to satisfy the

4

requirement that he offer "more stringent" proof than that required to survive a summary judgment motion. *McNeilly*, 684 F.3d at 615.

Additionally, Dykes-Bey provides "no expert medical evidence that his current treatment is inadequate or that his condition is possibly fatal, and 'the seriousness of his condition is not, without some constitutional deprivation, enough to show a harm that requires relief prior to the adjudication of his claims.' " *Lane v. Whipple*, No. CV 20-13444, 2021 WL 5774540, at *2 (E.D. Mich. Oct. 6, 2021) (quoting *Rhinehart v. Scutt*, 509 F. App'x 510, 513 (6th Cir. 2013)), *report and recommendation adopted,* No. 20-13444, 2021 WL 5770795 (E.D. Mich. Dec. 6, 2021).

As for the other factors, "the interests of identifiable third parties and the public at large weigh against an injunction" in the prison setting. *Theriot v. Woods*, No. 2:18-CV-92, 2019 WL 409507, at *11 (W.D. Mich. Feb. 1, 2019). "Decisions concerning prison security are vested in prison officials, in the absence of a constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive." *Id.* "The public welfare therefore militates against the issuance of extraordinary relief [of injunctive action] in the prison context, absent a sufficient showing of a violation of constitutional rights." *Id.* (citing *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988)); *see also Lane v. Beavers*, No. 2:19-CV-1793, 2019 WL 3521652, at *6 (S.D. Ohio

Aug. 2, 2019), *report and recommendation adopted*, No. 2:19-CV-1793, 2019 WL 6877851 (S.D. Ohio Dec. 17, 2019) ("enjoining prison officials from moving Plaintiff to segregation and keeping him out of plain view from other inmates would undoubtedly remove from prison officials the deference that they are generally afforded in the administration and control of the prison.") (internal citation omitted).  Likewise here, Dykes-Bey has not shown that the Court's interference in this aspect of prison administration would serve the public interest nor that it would not cause substantial harm.  Thus, his motion for a preliminary injunction or temporary restraining order should be denied.

## V.  Conclusion

Accordingly, for the reasons stated above, the undersigned recommends that Dykes-Bey's motion for a preliminary injunction or temporary restraining order, (ECF No. 16), be **DENIED**.

Dated: February 27, 2024  　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

 The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2024.

              s/Carolyn Ciesla
              CAROLYN CIESLA
              Case Manager