UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. DYKES-BEY,

    Plaintiff,

v.

GRAND PRAIRIE HEALTH CARE
SERVICES, WELLPATH HEALTHCARE,
and VICTORIA JANOWIECKI,

    Defendants.
_____/

Case No. 2:23-cv-11403
District Judge Linda V. Parker
Magistrate Judge Kimberly G. Altman

**<u>ORDER REGARDING SUGGESTION OF BANKRUPTCY (ECF No. 43)
AND
ADMINISTRATIVELY STAYING CASE AS TO DEFENDANT
WELLPATH LLC
AND
DECLINING TO STAY CASE AS TO OTHER DEFENDANTS</u>**

I.    Introduction

This is a prisoner civil rights case.  Plaintiff Robert L. Dykes-Bey (Dykes-Bey), proceeding *pro se*, is suing defendants Grand Prairie Health Care Services (GPHCS), Wellpath Healthcare (Wellpath), and Victoria Janowiecki, N.P. (Janowiecki) for denial of health care, including a colonoscopy, allergy treatment, medical accommodations to use the restroom, and constipation treatment.  (ECF No. 1, PageID.4).  All pretrial matters have been referred to the undersigned.  (ECF No. 10).

1

On November 18, 2024, GPHCS, Wellpath, and Janowiecki filed a "Suggestion of Bankruptcy and Notice of Stay" (ECF No. 43), the purpose of which is to inform the Court that Wellpath has filed a voluntary bankruptcy petition under Chapter 11 in the United States Bankruptcy Court for the Southern District of Texas. (ECF No. 43-1).

## II. Background

Attached to the defendants' filing is an order from the bankruptcy court titled "Amended Interim Order Enforcing the Automatic Stay." (ECF No. 43-2). The amended order states in relevant part: "The Lawsuits are stayed in their entirety, including the plaintiffs' claims against the Non-Debtor Defendants, on an interim basis pursuant to section 362 of the Bankruptcy Code." (ECF No. 43-2, PageID.496). "Lawsuits" are defined as "any lawsuits filed as of the Petition Date in which a Debtor is named as one of the defendants therein." (*Id.*, PageID.495 n.3). For the reasons explained below, the Court finds that this order does not require a stay of proceedings against GPHCS or Janowiecki.

## III. Discussion

As to Wellpath, under 11 U.S.C. § 362, all proceedings against the debtor, *i.e.*, Wellpath, are automatically stayed. Therefore, the case will be administratively stayed as to Wellpath.

As to the other Wellpath Defendants— GPHCS and Janowiecki—the district

court has "jurisdiction concurrent with the originating bankruptcy court to determine the applicability of the bankruptcy court's automatic stay." *Baechel v. Republic Storage Sys., LLC*, No. 5:16-CV-1403, 2018 WL 1243424, at *2 (N.D. Ohio Mar. 9, 2018). The Sixth Circuit itself has addressed the issue of whether a bankruptcy court can stay proceedings against non-debtor defendants under 11 U.S.C. § 362, finding that it cannot. *Patton v. Beardon*, 8 F.3d 343 (6th Cir. 1993). The *Patton* court acknowledged that "[c]learly, section 362(a)(1) stays any actions against the *debtor*." *Id.* at 349 (emphasis in original). In other words,

> [a]t the commencement of a case, a stay arises by operation of law pursuant to 11 U.S.C. § 362(a). Its effect is to impose a wide-ranging prohibition on all activity outside the bankruptcy forum to collect prepetition debts from the debtor or to assert or enforce claims against the debtor's prepetition property or estate property. But, by its express terms, the only entity to which the § 362 stay applies is the debtor. As such, it may not be extended to third parties such as the [d]ebtor's co-guarantors.

*In re Nat'l Staffing Servs., LLC*, 338 B.R. 35, 36-37 (Bankr. N.D. Ohio 2005).

Earlier circuit court decisions are in line with this interpretation. *See, e.g.*, *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196-97 (6th Cir. 1983) ("It is universally acknowledged that an automatic stay of proceeding accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor.") (collecting cases); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) ("By its terms the automatic stay applies only to the debtor, not to co-debtors

3

under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors." (internal footnote omitted)).

"Some courts have held that the debtor's stay may be extended to non-bankrupt parties in unusual circumstances." *Patton*, 8 F.3d at 349 (cleaned up). Examples of unusual circumstances "include when the debtor and the non-bankrupt party are closely related or the stay contributes to the debtor's reorganization." *Id.* But the Sixth Circuit has cautioned that "such extensions, although referred to as extensions of the automatic stay, were in fact *injunctions* issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate." *Id.* (emphasis added). The Sixth Circuit explained that "[e]ven if we were to adopt the unusual circumstances test, the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105." *Id.*; *see also In re Nat'l Staffing Servs.*, 338 B.R. at 37 ("The authority to take this action, however, is found not in § 362; rather, it is derived from the bankruptcy court's equity jurisdiction as contained in 11 U.S.C. § 105(a).").

The order from Wellpath's bankruptcy proceeding does not cite 11 U.S.C. § 105(a) and does not set forth the preliminary-injunction factors or contain any analysis on the subject. The phrase "preliminary injunction" is in fact nowhere to be found. A court must consider four factors before granting a preliminary

4

injunction: (1) the likelihood of success on the merits, (2) the danger of irreparable injury, (3) whether the potential irreparable injury outweighs the harm to the non-debtors, and (4) the public interest. *See, e.g.*, *In re Sahene Constr., LLC*, No. 23-10096, 2023 WL 3010073, at *3 (Bankr. M.D. La. Apr. 19, 2023) (analyzing the four factors following a request to stay civil litigation as to non-debtor defendants); *In re Nat. Century Fin. Enters., Inc.*, 423 F.3d 567, 579 (6th Cir. 2005) (explaining that "when the bankruptcy court enjoins an action under § 105(a) [it] must it consider the four preliminary injunction factors, and apply a standard of clear and convincing evidence").

In *Gulf Coast Hotel-Motel Ass'n v. Mississippi Gulf Coast Golf Course Ass'n*, No. 108CV1430HSOJMR, 2010 WL 972248, at *2 (S.D. Miss. Mar. 12, 2010), a court found under similar circumstances that "[i]t does not appear from the record in this case that such an [injunctive] order has been obtained from the bankruptcy court before which Debtor Defendant's bankruptcy is pending. The party seeking the section 105 stay bears the burden of requesting it and the persuasion on the merits." The same is true here; no preliminary injunction has been issued, and neither this Court nor the bankruptcy court can otherwise "extend" the automatic stay to non-debtor defendants. In short, Wellpath's bankruptcy stay has not properly been extended to non-debtor parties, like GPHCS and Janowiecki.

IV.     Conclusion

For the reasons stated above, this case is **ADMINISTRATIVELY STAYED** as to Wellpath only.  The case will proceed against GPHCS and Janowiecki.[1]

SO ORDERED.

Dated: December 4, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 4, 2024.

s/Donald Peruski  
Donald Peruski  
Acting Case Manager

6

---

[1] On November 12, 2024, the undersigned entered a report and recommendation (R&R), recommending that GPHCS, Wellpath, and Janowiecki's motion for summary judgment be granted.  (ECF No. 42).  If adopted, the case would be dismissed as to GPHCS and Janowiecki.