UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. DYKES-BEY,

    Plaintiff,

v.

    Case No. 23-cv-11403
    Honorable Linda V. Parker

GRAND PRAIRIE HEALTH CARE
SERVICES, WELLPATH HEALTHCARE,
and VICTORIA JANOWIECKI,

    Defendants.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S NOVEMBER 12, 2024 REPORT AND RECOMMENDATION (ECF NO. 42) AND GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTION (ECF NO. 37)**

## I. Introduction

Plaintiff initiated this prisoner civil rights action against Defendants on June 13, 2023, alleging deliberate indifference in violation of the Eighth Amendment. Defendants subsequently filed a motion for summary judgment (ECF No. 37), which was fully briefed (ECF Nos. 39, 40). The matter has been assigned to Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 10.)

1

On November 12, 2024, Magistrate Judge Altman issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' summary judgment motion. (ECF No. 42.)  Magistrate Judge Altman concludes that Plaintiff failed to demonstrate the objective and subjective elements of his deliberate indifference claim against Defendant Victoria Janowiecki, N.P.; and, having failed to demonstrate a constitutional violation, cannot prevail against Defendants Grand Prairie Health Care Services ("GPHCS") or Wellpath Healthcare ("Wellpath").[1]  Alternatively, Magistrate Judge Altman finds that Plaintiff has not established a GPHCS or Wellpath policy or custom that led to any constitutional violation.

After receiving extensions of time to do so (12/10/24 Text Entry; 1/6/25 Text Entry), Plaintiff filed objections to the R&R on December 26, 2024 (ECF No. 46).  Defendants filed a response to Plaintiff's objections.  (ECF No. 48.)

## II.  Standard of Review

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or

---

[1] Defendants also sought summary judgment based on a lack of exhaustion. Magistrate Judge Altman addressed this argument for completion, finding that Defendants had not met their burden to show exhaustion with respect to some of Plaintiffs' medical complaints.

2

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### III. Analysis

#### A. Deliberate Indifference

Plaintiff claims deliberate indifference in violation of the Eighth Amendment related to several asserted medical needs: his request for a colonoscopy to screen for cancer and to assess his gastrointestinal symptoms, which included chronic constipation and occasional incontinence; his chronic allergies, which included an allergy to the prison's usual wool blankets; urination difficulties with increased urgency; and fluctuating constipation and diarrhea. Magistrate Judge Altman finds from the evidence that Janowiecki provided treatment for Plaintiff's conditions and, therefore, Plaintiff needed to present evidence showing that the care provided was "grossly incompetent, inadequate, or

3

excessive as to shock the conscience or to be intolerable to fundamental fairness." (ECF No. 42 at PageID. 436-37 (quoting *Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005).) She concludes that Plaintiff failed to make that showing. (*Id.* at PageID. 437-39.) She also concludes that Plaintiff failed to satisfy the subjective component of his claim. (*Id.* at PageID. 439-440.)

Several of Plaintiff's objections challenge Magistrate Judge Altman's conclusion that he received treatment for his ailments. The medical records do not support this challenge. As Magistrate Judge Altman extensively details in the R&R, Janowiecki addressed Plaintiff's complaints. While Janowiecki declined to order a colonoscopy, reasons were provided for this decision.

Because treatment was provided, Plaintiff bore the burden of showing, as Magistrate Judge Altman correctly held, that the treatment was "so grossly incompetent' or so grossly 'inadequate' as to 'shock the conscience' or 'be intolerable to fundamental fairness.'" *Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021) (quoting *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018)). Plaintiff objects to Magistrate Judge Altman's indication that he was required to provide expert testimony to make this showing. But, as Magistrate Judge Altman correctly recited, "to prove grossly inadequate care, . . . courts generally require [prisoners] to introduce medical evidence, typically in the form of expert testimony." *Id.* (citing *Rhinehart*, 894 F.3d at 740-73). This Court agrees with

4

Magistrate Judge Altman that Plaintiff failed to present such evidence.  His personal belief that the care was inadequate is not sufficient to create a genuine issue of material fact.  *See Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020) (quoting *Rhinehart*, 894 F.3d at 740) (reiterating that "[a]n inmate's 'disagreement with the testing and treatment he has received does not rise to the level of an Eighth Amendment violation'") (ellipsis removed).  Plaintiff asserted that the Centers for Disease Control and Prevention and American Cancer Society "highly recommend[]" colonoscopies under certain circumstances (as relevant to Plaintiff, beginning at age 40) (*see* ECF No. 39 at PageID. 381-82); however, this does not mean that it shocked the conscience for Janowiecki to not follow this recommendation.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Altman's analysis of his deliberate indifference claim against Janowiecki.

### B.  *Monell* Claim

Plaintiff objects to Magistrate Judge Altman's conclusion that he failed to identify a Wellpath and/or GPHCS custom, policy, or practice that was the driving force behind any Eighth Amendment violation.  However, Magistrate Judge Altman also concluded that Wellpath and GPHCS are entitled to summary judgment because Plaintiff failed to demonstrate that his constitutional rights were violated.  He does not object to the finding that the lack of a constitutional

violation by Janowiecki relieves Wellpath and GPHCS of liability.  Therefore, any challenge to this conclusion is waived.  This renders the issue he does object to irrelevant for purposes of deciding Defendants' motion because without a constitutional violation, there is no need to consider Wellpath's or GPHCS' customs, policies or practices.

### III.  Conclusion

For the reasons stated, the Court rejects Plaintiff's objections to Magistrate Judge Altman's R&R.  For the reasons stated herein and in the R&R, the Court concludes that Defendants are entitled to summary judgment.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (ECF No. 37) is **GRANTED**.

Date: March 7, 2025                                s/LINDA V. PARKER
                                                   UNITED STATES DISTRICT JUDGE