UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. DYKES-BEY,

    Plaintiff,

v.                                                            Case No. 23-cv-11403
                                                            Honorable Linda V. Parker

GRAND PRAIRIE HEALTH
CARE SERVICES, et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO APPEAL AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS ON APPEAL**

On March 7, 2025, this Court issued an opinion and order granting Defendants' motion for summary judgment and entered a judgment. (ECF Nos. 54, 55.) On April 9, Plaintiff signed and dated a notice of appeal, which was subsequently entered on the docket on April 15. (ECF No. 56.) Because the notice was untimely, *see* 28 U.S.C. § 2107, Fed. R. App. 4(a), 26(a), and Plaintiff had not moved for an extension of time to appeal, the Sixth Circuit Court of Appeals entered an order requiring Plaintiff to show cause as to why the appeal should not be dismissed. (ECF No. 58.) Plaintiff has now moved for an extension of time to appeal. (ECF No. 61.) He also filed an application for leave to proceed without prepaying fees or costs on appeal. (ECF No. 60.)

Plaintiff's notice of appeal was untimely.  Pursuant to Federal Rule of Appellate Procedure 4(a), he had 30 days "after entry of the judgment or order appealed from" to file a notice of appeal.  Because Plaintiff was required to act within a specified time after entry of the judgment, rather than when he was served with, the March 7 decision and judgment, he did not benefit from the additional time afforded in Federal Rule of Appellate Procedure 26(c).  As such, the deadline to file a timely notice of appeal was April 7, 2025.

A district court may grant a motion to extend the time to file a notice of appeal if the movant seeks an extension "before or during the 30 days after the time prescribed by this Rule 4(a) expires" and "shows excusable neglect or good cause."  Fed. R. App. P. 4(A)(a)(5).  "Good cause [is] found where forces beyond the control of the appellant prevented [the appellant] from filing a timely notice of appeal."  *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citations omitted).

Plaintiff establishes good cause.  He indicates that he only received the Court's March 7 decision and judgment on March 24.  (*See* ECF No. 61.)  The Court also finds that Plaintiff is entitled to proceed on appeal without prepayment of fees and costs, as it cannot say that the appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for extension of time to appeal (ECF No. 61) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's application to proceed without prepaying fees or costs (ECF No. 60) on appeal is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 22, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 22, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager